Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Local Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAKIA ARNOLD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**FASHION NOVA, LLC**<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff LaKia Arnold ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Fashion Nova, LLC ("Defendant") and alleges as follows:

1.    Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion

and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by making telemarketing calls without the accurate provision of Caller ID Name (CNAM), calling people who had previously asked to no longer receive calls, as well as initiating calls and text messages during the restricted hours of before 8 a.m. or after 9 p.m. local time.

**PARTIES**

4.      Plaintiff Arnold is an individual and natural person.

5.      Defendant Fashion Nova, LLC, is Beverly Hills, California-based company that sells fast-fashion apparel.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.      This Court has general personal jurisdiction over Defendant and venue is proper as Defendant resides in this District and the text messages were sent to Plaintiff from this District.

8.      Venue is proper as the Defendant is a resident of this District.

## BACKGROUND

9.      The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

10.     The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

11.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

12.     The TCPA also restricts telemarketing calls to residential subscribers before 8 a.m. or after 9 p.m., local time, and to residential subscribers whose phone

CLASS ACTION COMPLAINT
*Arnold v. Fashion Nova, LLC*
-3-

numbers are registered on the National DNC, without prior express invitation or permission, and makes such claims actionable after more than one call in a 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

13.     The TCPA further mandates that telemarketers maintain procedures for honoring do-not-call requests, including a written policy and training, with violations actionable if two or more telephone solicitations are made after a request to stop.

## **FACTUAL ALLEGATIONS**

14.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15.     Plaintiff's telephone number, (267) XXX-XXXX, is a residential, non-commercial telephone number.

16.     Plaintiff uses the number for personal, residential, and household reasons.

17.     Plaintiff does not use the number for business reasons or business use.

18.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

19.    Plaintiff at one point was a customer of Defendant's and consented to receiving marketing text messages from Defendant.

20.    Defendant, however, sent at least two text messages to Plaintiff after 9 p.m. in violation of the TCPA.

21.    Those messages were sent on February 9, 2025 at 9:08 p.m. and at 11:14 p.m Eastern Standard Time.

22.    Screenshots of some of those messages are provided below.

23.     Plaintiff also received messages from Defendant after Plaintiff texted "Do not call" to opt out of communication with Defendant.

24.     The text messages all came from the telephone number and transmitted the Caller ID, in the form of both CPN and ANI, as 36682.

25.     It is not possible to call that number back to lodge a Do Not Call request during regular business hours.

26.     Indeed, the Plaintiff did so verify by calling the number and receiving an intercept message.

27.     It is not possible to send a text message to that number and have a conversation with anybody, including to lodge a Do Not Call request during regular business hours.

28.     It is not possible to text the words "do not call" to the number to lodge a Do Not Call request during regular business hours.

29.     Nor will anybody texting or calling that telephone number receive an alternate number to call to lodge a Do Not Call request during regular business hours.

30.     As such, the caller ID information transmitted along with the text message did not transmit a telephone number that permits "any individual to make a do-not-call request during regular business hours."

31.     The text messages and calls, as is plainly evident from their content, were all made to encourage the Plaintiff to purchase the Defendant's products.

CLASS ACTION COMPLAINT
*Arnold v. Fashion Nova, LLC*
-6-

32.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

33.     Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls, including by calling in violation of the calling hours restrictions of the TCPA.

34.     Plaintiff and the Classes have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

1
2
3
4
5
6
7
8
9
10
11
12

**Early/Late Calls Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or a third-party acting on behalf of Defendant) called, (2) within any 12-month period, (3) promoting Palmetto Solar's goods or services, (4) before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

**Internal DNC Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

13
14
15
16
17
18
19

37.    **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

20
21
22
23
24

38.    **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

25
26
27
28

39.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

40.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.      whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

b.      whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

c.      whether Defendant placed calls in violation of the TCPA's calling hour restrictions, to Plaintiff and members of the Early/Late Calls Class;

d.      Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

e.    Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

41.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members in each class, such that joinder of all members is impracticable.

42.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.     Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d.     Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

43.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44.     It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

45.     It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

46.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours.

47.     These violations were willful or knowing.

48.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

49.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c))
### (On Behalf of Plaintiff and the Early/Late Call Class)

50.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

51.     It is a violation of the TCPA to initiate any telephone solicitation before 8:00 AM or after 9:00 PM, local time at the called party's location, as the

Defendant did for some of the calls received by Plaintiff. 47 C.F.R. § 64.1200(c)(1)

52.    Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by sending such messages outside the permitted hours.

53.    These violations were willful or knowing.

54.    As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's calling hours restrictions, Plaintiff and members of the Early/Late Call Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

55.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT III
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

56.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

57.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending

CLASS ACTION COMPLAINT
*Arnold v. Fashion Nova, LLC*
-13-

telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

58.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

59.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully request that the Court enter judgment against Defendant for:

A.    Certification of the Classes as alleged herein;

B.    Appointment of Plaintiff as representative of the Classes;

C.    Appointment of the undersigned as counsel for the Classes;

D.    Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E.    Injunctive relief for Plaintiff and members of the Class, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to those who have asked them to stop, outside the permitted hours, or while failing to transmit the caller

CLASS ACTION COMPLAINT
*Arnold v. Fashion Nova, LLC*
-14-

ID information required by law;

      F.     Attorneys' fees and costs, as permitted by law; and

      G.    Such other or further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: October 14, 2025

                                    s/Andrew Roman Perrong
Andrew Roman Perrong, PA Bar 333687
*(Pending PHV)*
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

                                    s/ Dana J. Oliver
Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

Local Counsel for Plaintiff